UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**FORREST E. MARTINEZ,**

    **Plaintiff,**

    v.

**ANDREW SAUL,**
**Commissioner of Social Security,**

    **Defendant.**

Case No. 2:18-cv-4805
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the applications of Plaintiff Forrest E. Martinez for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Plaintiff appeals from the final decision of the Commissioner of Social Security denying Plaintiff's applications. After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Local Civil Rule 9.1(f). For the reasons that follow, the Court reverses the Commissioner's decision and remands the action for further proceedings.

**I.  PROCEDURAL HISTORY**

In July 2013, Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging that he has been disabled since May 1, 2010. R. 167–77. Plaintiff's applications were denied initially and upon reconsideration. R. 100–09, 111–14. Plaintiff sought a *de novo* hearing before an administrative law judge. R. 115–16. Administrative

1

Law Judge Richard West ("ALJ") held a hearing on August 26, 2016, at which Plaintiff, who was represented by counsel, appeared and testified, as did a vocational expert. R. 29–51. In a decision dated September 7, 2016, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act from May 1, 2010, the alleged disability onset date, through the date of that decision. R. 15–24. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on January 27, 2018. R. 1–6. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On May 9, 2018, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 6.[1] On March 11, 2020, the case was reassigned to the undersigned. ECF No. 31. The matter is now ripe for disposition.

## II.    LEGAL STANDARD

### A.    Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *see K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*,

---

[1] The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

2

No. 17-2309 , 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).  Substantial evidence is "less than a preponderance of the evidence, but 'more than a mere scintilla.'" *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *see K.K.*, 2018 WL 1509091, at *4.

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see*, *e.g.*, *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016).  The Court has a duty to "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is

overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4. The ALJ decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although the ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter*, 650 F.2d at 482. Absent such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

4

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518. In assessing whether the record is fully developed to support an award of benefits, courts take a more liberal approach when the claimant has already faced long processing delays. *See*, *e.g.*, *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000). An award is "especially appropriate when "further administrative proceedings would simply prolong [Plaintiff's] waiting and delay his ultimate receipt of benefits." *Podedworny*, 745 F.2d at 223; *see Schonewolf*, 972 F. Supp. at 290.

### B.   Sequential Evaluation Process

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of proof at steps one through

5

four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b).  If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled.  Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id*. at §§ 404.1509, 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. §§ 404.1520(e), (f), 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in

the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

## III. ALJ DECISION AND APPELLATE ISSUES

The Plaintiff was 40 years old on his alleged disability onset date, R. 23, and he met the insured status requirements of the Social Security Act through September 30, 2013, R. 17. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 1, 2010, his alleged disability onset date. R. 17.

At step two, the ALJ found that Plaintiff suffered the severe impairments of degenerative disc disease, hyperthyroidism, and depression. *Id*.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 18–19.

At step four, the ALJ found that Plaintiff had the RFC to perform sedentary work subject to various additional postural and mental limitations. R. 19–22. The ALJ also found that this RFC did not permit the performance of Plaintiff's past relevant work as a customer service representative. R. 23.

At step five, the ALJ found that a significant number of jobs—*i.e*., approximately 120,000 jobs as an order cook; approximately 90,000 jobs as an assembler; an unidentified number of jobs as a document preparer—existed in the national economy and could be performed by an individual with Plaintiff's vocational profile and RFC. R. 23–24. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from May 1, 2010, his alleged disability onset date, through the date of the decision. R.

24.

Plaintiff disagrees with the ALJ's findings at steps three and four and asks that the decision of the Commissioner be reversed and remanded with directions for the granting of benefits or, alternatively, for further proceedings. *Plaintiff's Brief,* ECF No. 26. The Commissioner takes the position that his decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief Pursuant to Local Civil Rule 9.1,* ECF No. 30.

## IV. RELEVANT MEDICAL EVIDENCE AND DISCUSSION

On March 12, 2014, Plaintiff underwent an MRI of the lumbar spine. R. 307–08 ("the March 2014 MRI"). The March 2014 MRI revealed, *inter alia*, anterolateral disc herniations at T11-T12, T12-L1, L1-L2, and L2-L3; posterior disc herniations at L2-L3 and L5-S1; posterolateral annular bulging at L3-L4, L4-L5 and L5-S1; and facet arthropathy and moderate foraminal stenosis bilaterally at L4-L5 and L5-S1. R. 307. However, the ALJ misconstrued this evidence when finding, at step three, that "the evidence fails to demonstrate the existence of a 'herniated nucleus pulposis, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis. . . .'" R. 18. Indeed, the Commissioner appears to concede that the ALJ mis-stated the MRI findings. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 30, pp. 16–18.

Plaintiff argues, *inter alia*, that this mis-statement of the MRI findings takes on great significance when considered in conjunction with the ALJ's evaluation of the opinions of Lillian Okereke, whom Plaintiff identifies as his treating physician. *Plaintiff's Moving Brief*, ECF No.

8

26, pp. 26–33.[2] Here, the ALJ considered the opinions of Lillian Okereke and assigned them "little weight," reasoning as follows:

> In a July 7, 2014 medical source statement, Dr. Okereke stated that she saw the claimant every two weeks and diagnosed a herniated disc and lower back pain. The practitioner opined that the claimant could sit, stand and walk for less than two hours in an eight-hour day; rarely lift less than ten pounds; rarely look down, turn his head left or right, look up, hold his head in a static positon [sic], stoop, couch, squat and climb stairs; and never climb ladders. Dr. Okereke further opined that the claimant was incapable or even "low stress" jobs because he had problems sitting and standing for long periods of time; that he would need to take unscheduled breaks during an eight hour day; and that he would be absent more than four days a month (Exhibit 7F).

R. 20.

> Little weight is given to the multiple limitations assessed by Dr. Okereke in a July 2014 medical source statement (Exhibit 7F). This opinion is not supported by longitudinal treatment notes **and not consistent with the MRI findings**; the findings of consultative examiners Eyassu and Yalkowsky; the claimant's sworn testimony regarding his own activities of daily living and his ability to sit; or any other medical signs (Exhibits 3F, 4F, 6F).

R. 22 (emphasis added). Plaintiff argues that the ALJ's reasons for discounting Lillian Okereke's opinions are flawed because, *inter alia*, the ALJ misread the March 2014 MRI. *Plaintiff's*

---

[2] The Commissioner represents that Lillian Okereke is a nurse practitioner, not a medical doctor as represented in Plaintiff's brief and the ALJ's decision. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 30, at 23–25 (citing, *inter alia*, https://horizonnjhealth.com/findadoctor/doctor/plan-horizon-nj-health/group-affiliation-PAIN%20MEDICINE%20AND%20ANESTHESIA,%20P.C). Whereas the opinions of a treating physician are ordinarily entitled to great weight, *Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 355 (3d Cir. 2008); *see* 20 C.F.R. §§ 404.1527(c)(1)–(6), 416.927(c)(1)–(6); *see also* SSR 96-2p, "[n]urses are not 'acceptable medical sources' under the regulations for claims filed before March 27, 2017." *Williams v. Saul*, No. CV 17-00234, 2019 WL 5061239, at *3 (D.N.J. Oct. 9, 2019) (citations omitted); *see also* 20 C.F.R. §§ 404.1513(a) (eff. Sept. 3, 2013 to March 26, 2017) (listing acceptable medical sources that do not include nurses), 416.913(a) (eff. Sept. 3, 2013 to March 26, 2017) (same). While "other source" evidence cannot be used to establish an impairment, 20 C.F.R. §§ 404.1513(a), 416.913(a), such evidence can be used to show the severity of a claimant's impairment and how it affects the claimant's ability to work, *id*. at §§ 404.1513(d)(1), 416.913(d)(1).

9

*Moving Brief*, ECF No. 26, pp. 26–33. Plaintiff specifically contends that the ALJ's summary of the March 2014 MRI findings omitted significant findings, including "that plaintiff suffers spinal canal stenosis at L2-L3, that the L5-S1 disc herniation impresses upon the thecal sac surrounding plaintiff's spinal cord, that plaintiff suffers facet hypertrophy at multiple vertebral levels and facet arthropathy at least three of those levels, causing 'moderate foraminal narrowing bilaterally' at all these levels." *Id*. at 26. In response, the Commissioner concedes that the March 2014 MRI reveals the presence of herniated discs, but argues that any error on the part of the ALJ in this regard was harmless because the ALJ's mis-statement of the MRI findings was made at step three and Plaintiff could not establish a listed impairment at that step in any event. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 30, pp. 16–18

The Commissioner's arguments are not well taken. Here, the Commissioner concedes that the ALJ misrepresented the MRI evidence. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 30, pp. 16–18; *see also* R. 18 (reflecting the ALJ's explanation that "the evidence fails to demonstrate the existence of a []herniated nucleus pulposis, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, or the requirements of A, B, or C of this listing"), 20 (reflecting the ALJ's explanation that records from the American Imaging Center of West Orange contained, *inter alia*, "a March 12, 2014 MRI of the lumbar spine that showed herniated discs at Tl 1-12, T12-Ll, Ll-2, L2-3 and L5-Sl (Exhibit 6F)"). The ALJ's discounting of Lillian Okereke's opinions was based, at least in part, on this mischaracterization or misreading of the March 2014 MRI. R. 20. Although an ALJ may choose which evidence to credit, the ALJ cannot reject evidence for the wrong reason. *Sutherland*, 785 F. App'x at 928; *Cotter*, 642 F.2d at 706–07; *Rodriguez v. Colvin*, No. CV 16-4322, 2018 WL 1474073, at *4 (E.D. Pa. Mar. 23, 2018) ("Courts have concluded that substantial evidence cannot be based on

factual errors.") (collecting cases). Accordingly, even if the ALJ's misreading of the March 2014 MRI was harmless at step three, this Court cannot conclude that substantial evidence supports the ALJ's evaluation of Lillian Okereke's opinions on the ground that those opinions were inconsistent with the ALJ's erroneous reading of the March 2014 MRI.

In sum, the Court concludes that the ALJ's decision has not included "a clear and satisfactory explication of the basis on which it rests" sufficient to enable this Court "to perform its statutory function of judicial review." *Cotter*, 642 F.2d at 704–05. It may be that, on remand, the ALJ will again assign little weight to Lillian Okereke's opinions, craft the same physical RFC, and ultimately conclude that Plaintiff is not disabled. However, at this juncture, the Court concludes that the ALJ's decision is not supported by substantial evidence. This Court therefore concludes that the decision of the Commissioner must be reversed, and the matter must be remanded to the Commissioner for further consideration of these issues.[3]

## V. CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Date: February 8, 2021                     *s/Norah McCann King*
                                           NORAH McCANN KING
                                           UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff asserts a number of other errors in the Commissioner's final decision. Because the Court concludes that the matter must be remanded for further consideration of the opinions of Lillian Okereke and the physical RFC determination, the Court need not and does not consider those claims.